UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA JEAN MARIE STRUCKMAN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____) | CASE NO.   C04-2439C <br>                      (CR03-88C) <br> <br> <br> REPORT & RECOMMENDATION |

## INTRODUCTION

After being found guilty by a jury of conspiring to structure a currency transaction, petitioner was sentenced on October 31, 2003 to 21 months' imprisonment. (Dkt. #94 in Case No. CR03-88C). Petitioner has apparently finished serving her sentence and is currently under supervised release. She has filed a *pro se* motion to vacate her sentence, pursuant to 28 U.S.C. § 2255. (Dkt. #1). For the reasons set forth below, the court recommends that petitioner's motion be dismissed.

## PROCEDURAL HISTORY

Petitioner was convicted after a two-day jury trial of conspiring to structure a currency transaction. (Dkt. #78 in Case No. CR03-88C). She was sentenced to 21 months in prison and three years of supervised release. (Dkt. #94). She filed a notice of appeal. (Dkt. #95).

While her appeal was pending, petitioner filed a *pro se* motion to vacate her sentence, pursuant to 28 U.S.C. § 2255. (Dkt. #101). The motion was dismissed by the court as premature.

REPORT & RECOMMENDATION
PAGE 1

(Dkt. #9 in Case No. C04-491).

Petitioner's direct appeal was then dismissed by the Ninth Circuit, after petitioner and the government entered into a stipulation. (Dkt. #112 in Case No. CR03-88). Petitioner filed the instant motion under 28 U.S.C. § 2255 on December 4, 2004. (Dkt. #1). The motion was referred to the undersigned United States Magistrate Judge on December 14, 2004. (Dkt. #4). After receiving an extension of time, the government filed its response on September 8, 2005. (Dkt. #9). Petitioner has not filed a reply. The matter is now ready for review.

## DISCUSSION

Although unclear, petitioner appears to raise four grounds for relief in her § 2255 motion: (1) the indictment in her case was defective and her arrest was made without a warrant; (2) she was denied her counsel of choice at trial; (3) insufficient evidence supported her conviction; and (4) the court lacked jurisdiction over her case. (Dkt. #1).

The government argues in its response that petitioner's claims are procedurally defaulted due to her failure to present them to either the district court or to the Ninth Circuit in her direct appeal. (Dkt. #9). Further, the government maintains that petitioner has failed to show cause and prejudice sufficient to overcome this procedural default. *See English v. United States*, 42 F.3d 473, 477 (9th Cir. 1994); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

After reviewing the record, the court agrees that all of petitioner's current claims could have been raised before the district court or in her direct appeal. Petitioner offers no explanation for why she did not raise these claims prior to the instant § 2255 motion. Nor does petitioner argue that her failure to raise these claims earlier was the result of "some objective factor" which impeded her ability to raise them. *See Murray v. Carrier*, 477 U.S. 478, 488. Motions under § 2255 are not available as a substitute for a direct appeal. *See Raiford v. United States*, 483 F.2d 445, 446 (9th Cir. 1973). Accordingly, the court finds that petitioner is barred from raising the claims via the instant § 2255 motion and the motion should be dismissed.

## CONCLUSION

For the foregoing reasons, the court recommends that petitioner's motion under § 2255 to vacate her sentence be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 7th day of December, 2005.

MONICA J. BENTON
United States Magistrate Judge

REPORT & RECOMMENDATION
PAGE 3